UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM SLATER,

    Plaintiff,

v.                                Case No.:  6:23-cv-1238-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff William Slater seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

   **I.**   **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

      **A.**   **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff applied for supplemental security income benefits on December 6, 2020, alleging disability beginning May 1, 1995. (Tr. 80, 216-225). Plaintiff later amended the onset date to December 6, 2020, the application filing date. (Tr. 33-34).

The application was denied initially and on reconsideration. (Tr. 80, 103). Plaintiff requested a hearing and on December 6, 2022, a hearing was held before Administrative Law Judge Jeffrey Ferguson ("ALJ"). (Tr. 29-53). On January 26, 2023, the ALJ entered a decision finding Plaintiff not under a disability since December 6, 2020, the date the application was filed. (Tr. 12-22).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on May 22, 2023. (Tr. 1-5). Plaintiff filed a Complaint (Doc. 1) on June 30, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 6, 2020, the application date. (Tr. 14). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus; peripheral neuropathy; anxiety disorder with agoraphobia; substance addiction disorder (alcohol and drugs); schizoaffective disorder, bipolar type; asthma; and attention deficit hyperactivity disorder." (Tr. 14). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except this individual can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance, stoop, kneel, crouch and crawl; can frequently handle and finger with his bilateral upper extremities; can never be required to operate a motor vehicle in the performance of work tasks; must avoid concentrated exposure to extreme heat, extreme cold, wetness, humidity, vibration and pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; must avoid even moderate exposure to work place hazards such as moving machinery, moving mechanical parts, and unprotected heights; can understand and remember simple instructions; can maintain concentration, persistence, and pace in 2 hour segments over the course of a normal 8 hour workday to perform no more than simple tasks; can frequently interact with co-workers and supervisors; and will require clearly defined parameters or goals for successful completion of work tasks.

(Tr. 16-17).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 19). At step five, the ALJ found that considering Plaintiff's age (31 years old on the application date), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   Cafeteria attendant, DOT 311.677-010[1]

    (2)   Photocopy machine operator, DOT 207.685-014

    (3)   Ticket taker, DOT 344.667-010

(Tr. 20). The ALJ concluded that Plaintiff had not been under a disability since December 6, 2020, the date the application was filed. (Tr. 21).

## II.    Analysis

On appeal, Plaintiff challenges whether the ALJ erred in failing to include numerous nonexertional limitations in the RFC assessment and, if so, then Plaintiff argues that the RFC assessment and the ALJ's step 5 analysis were not based on substantial evidence. (Doc. 22, p. 4). Plaintiff contends that the ALJ found the opinions of Dr. Weber, Dr. Tessler, and Dr. Beltran persuasive yet failed to include limitations in the RFC reflected in these opinions. (Doc. 22, p. 12).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc.*

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

*Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

First, Plaintiff contends that the ALJ found the opinions of both State agency psychological consultants, Theodore Weber, Psy.D. and David Tessler, Psy.D. persuasive because they were consistent with the record and supported by their citations to the medical evidence of record. (Doc. 22, p. 12). Plaintiff argues that despite finding these opinions persuasive, the ALJ omitted limitations found by them in the RFC assessment, specifically regarding limitations for detailed instructions. (Doc. 22, p. 13).

In the decision, the ALJ briefly discussed the State agency psychological consultants' opinions and found their opinions persuasive as far as Plaintiff having no more than moderate limitations in any of the four broad areas. (Tr. 19). The ALJ found this portion of the opinions persuasive because it was consistent with the records documenting no psychiatric hospitalizations or crisis stabilization unit care and supported by their citations, such as Plaintiff's fair attention, insight and judgment during his consultative examination. (Tr. 19).

In their evaluations, both State agency psychological consultants, Dr. Weber and Dr. Tessler found that Plaintiff: "[w]ould [be] able to complete simple

tasks/work procedures and be able to make work decisions but would have difficulties with maintaining attention and concentration for extended periods and would have difficulties carrying out detailed instructions." (Tr. 89, 100). Even so, both doctors also summarized their findings: "[o]verall, [Plaintiff is] capable of completing simple tasks on a regular basis from a mental standpoint." (Tr. 89, 100).

In the RFC assessment, the ALJ adopted the overall findings of both doctors by including a limitation to, among other things, understanding and remembering simple instructions, and performing no more than simple tasks. (Tr. 16-17). Thus, after considering all the relevant medical and other evidence of record, the ALJ adopted the limitation to simple tasks assessed by Drs. Weber and Tessler and included this limitation in the hypothetical to the vocational expert, who found that an individual with these limitations was capable of performing the jobs of cafeteria attendant, photocopy machine operator, and ticket taker. (Tr. 50). The Court finds no error.

Second, Plaintiff argues that the ALJ found John Beltran, Psy.D.'s opinion persuasive but failed to include in the RFC assessment a limitation to basic one-step and two-step instructions found by Dr. Beltran. (Doc. 22, p. 13). On June 16, 2022, Dr. Beltran conducted a psychological evaluation of Plaintiff. (Tr. 976-79). One of his mental status and behavioral observations was that Plaintiff correctly followed basic one-step and two-step instructions and correctly performed some basic one-

step and two-step calculations, but not others. (Tr. 978, 979). Dr. Beltran concluded that Plaintiff could benefit from assistance with personal funds management. (Tr. 979).

In the decision, the ALJ found Dr. Beltran's opinion that Plaintiff needed assistance with personal funds was not persuasive as it was inconsistent with Plaintiff's behavioral health record of intact memory and logical thought process during multiple visits and was not supported by observations during the evaluation. (Tr. 19). While Plaintiff claims that the ALJ found the rest of Dr. Beltran's opinion persuasive, the ALJ's decision does not reflect this finding. Further, as the Commissioner argues, Dr. Beltran's observations that Plaintiff correctly followed basic one-step and two-step instructions and correctly performed some basic one-step and two-step calculations, but not others, is not an opinion under the new regulations. (Doc. 29, p. 6). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Dr. Beltran's observations of Plaintiff's ability does not constitute a medical opinion on what Plaintiff can do despite his limitations and thus the ALJ did not need to evaluate it in the decision or include it in a hypothetical to the vocational expert. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (finding that an ALJ need not include findings in the hypothetical to the vocational expert that the ALJ found to be unsupported by the record)). Again, the Court finds no error.

Third, Plaintiff's argues that if the ALJ had properly included limitations to one-step to two-step and simple but not detailed instructions in the RFC assessment, then the vocational expert's testimony would have conflicted with the DOT. (Doc. 22, p. 14). As the Court found no error in the ALJ's RFC assessment, this argument also fails.

Finally, Plaintiff contends that the ALJ failed to include numerous other limitations in the RFC assessment from the opinions of Drs. Webber and Tessler. (Doc. 22, p. 17). Plaintiff claims that the ALJ failed to include the following limitations:

(1) maintain attention and concentration for extended periods;

(2) work in coordination with or proximity to others;

(3) complete a normal workday or workweek without interruption from psychologically based symptoms;

(4) perform at a consistent pace without an unreasonable number of and length of rest periods;

(5) accept instructions and respond appropriately to criticism from supervisors;

(6) get along with coworkers or peers without exhibiting behavioral extremes; and

(7) set realistic goals or make plans independently of others.

(Doc. 22, p. 17 (citing Tr. 88-89, 99-100)). Plaintiff contends that the ALJ gave no reasons for excluding these limitation in the RFC assessment. (Do. 22, p. 17). This argument is unpersuasive.

While using different language, the RFC assessment nonetheless contained multiple limitations that cover those limitations found in the opinions of Drs. Webber and Tessler. The ALJ limited Plaintiff to jobs that allowed for understanding and remembering simple instructions and performing no more than simple tasks. (Tr. 16-17). The RFC assessment also limited Plaintiff to jobs that allowed: maintaining concentration, persistence, and pace in 2-hour segments in the course of a workday; frequently interacting with co-workers and supervisors; and requiring defined parameters or goals for successful completion of work tasks. (Tr. 16-17). Although the wording varies from the language of the psychologists' opinions, the results are the same. The RFC assessment included limitations for maintaining attention and concentration, performing at a consistent pace, working with others, accepting instructions from supervisors, getting along with coworkers, and setting realistic goals. Substantial evidence supports the ALJ's RFC assessment, hypothetical to the vocational expert, and reliance on the vocational expert's testimony.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied

the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 27, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties